## POPHAM v. UNITED STATES.

### No. 5547.

United States District Court
W. D. Missouri, W. D.

May 2, 1951.

Popham, Thompson, Popham, Mandell & Trusty, Arthur C. Popham Jr., and Sam Mandell, Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Atty., Harry F. Murphy, Asst. U. S. Atty., Kansas City, Mo., for defendant.

REEVES, Chief Judge. ·

This is an action to recover a claimed overpayment of taxes. The plaintiff seeks the benefit of certain provisions of the "Current Tax Payment Act of 1943" as follows: "If the taxpayer is in active service in the military or naval forces of the United States * * * at any time during the taxable year [of] * * * 1943, the increase in the tax for the taxable year 1943 under subsection (b) (1) shall be reduced by an amount equal to the amount by which the tax for the taxable year 1942 is increased by reason of the inclusion in the net income for the taxable year 1942 of the amount of the earned net income (as defined in section 25(a) (4)." See 6(d) (1), 26 U.S.C.A. § 1622 note.

It is the contention of the plaintiff that he was in the active military service of the United States during, or part of, the year 1943, and that he is entitled, therefore, to the benefits of this provision of the law, that such benefits were withheld from him and that he is now entitled to judgment for the overpayment, with interest.

It is practically or tacitly admitted that, if the plaintiff was in fact in active military service in the military forces of the United States, as claimed by him, then he is entitled to judgment as prayed.

It is contended by counsel for the defendant, however, that plaintiff was not in active military service so as to bring him within the beneficial provisions of the act as above set out.

The undisputed evidence shows that the plaintiff was a member of the Civil Air Patrol, a corporation created or provided for by Section 201 et seq., Chapter 11, Title 36 U.S.C.A. and that such membership and activity in said patrol extended over the greater part of the year 1943. The purpose of the Civil Air Patrol, as defined in Section 202 of said Title 36 U.S. C.A. is, in part, as follows: "(b) * * * to provide an organization of private citizens with adequate facilities *to assist in meeting local and national emergencies."* (Italics mine.)

One of the activities of the Civil Air Patrol was in connection with "Southern Liaison Patrol Base No. 2, Biggs Field Army Air Base, El Paso Texas." This Patrol was operated by the government during the year 1943 as one of its military units constituting part of the defensive forces.

The responsibility of the Southern Liaison Patrol was the defense and security of the United States. And such responsibility extended along the Mexican border from Brownsville, Texas to the Arizona state line. And the Southern Liaison Patrol at Base No. 2, of which the plaintiff was a part, was charged under the direction of U. S. Army headquarters, Southern Land Frontier with air reconnaissance of the frontier from Arizona south to the vicinity of Del Rio, Texas. This patrol replaced an Air Force Observation Squadron as a regular part of the military forces of the United States. For this Patrol, the United States government provided a base. It paid for the subsistence of the entire personnel of said base, of which the plaintiff was a member, and the personnel, including the plaintiff was equipped with weapons while on operational flights; such as side arms and sub-machine guns, all provided by the United States Army; and such personnel, while so engaged on operational flights was ordered and directed to seek out, engage, and repel the enemy. Base 2, including all personnel (of which plaintiff was a part) was under the jurisdiction of the War Department during said period of 1943. Such personnel, including the plaintiff, was required to wear a uniform prescribed by the War Department, such uniform bearing the insignia

of the United States, and such personnel was under the jurisdiction of the Provost Marshal of the United States Army Air Base where they were stationed.

The personnel, including the plaintiff, was required to take an oath to carry out the orders of the President of the United States and his officers upon assignment, and the plaintiff, as a member of Patrol Base No. 2 during part of the year 1943, was a pilot holding the rank of Lieutenant, and, in addition, serving on one or two staff positions. The services rendered by the plaintiff and other members of the patrol personnel was even more efficient than that of the regular Air Squadron for the reason that they operated slow moving planes and thus they had special efficiency in making observations.

There was no issue but that the plaintiff was subject to court martial along with the entire personnel of the base. He was not paid, however, as was a regular soldier but was compensated on a per diem basis by the government, and the equipment used by him was maintained by the government. Notwithstanding these activities, it is the contention of able counsel for the government that the services rendered by the plaintiff were not such as contemplated by the statute quoted.

1. Judge Leahy, of the District of Delaware, in Wilmington Trust Co. v. Mutual Life Ins. Co. of N. Y., 76 F.Supp. 560, quite aptly defined the status of one in the military service when he said, 76 F.Supp. loc. cit. 564: "The important question is the degree of volition of the insured; his status at the time of death; whether what he is doing directly ties him to the military function."

And, again, Judge Leahy said, in referring to the insured in that case (the decedent): "I think that he more nearly approximates one who is concededly in the military service."

The decision of Judge Leahy was affirmed, 3 Cir., 177 F.2d 404, 409. In affirming the decision of Judge Leahy, the Court of Appeals said: "Conceding, without deciding, that duPont was in the military service or on a military flight when he met his death, nonetheless we cannot sustain the plaintiff's contention."

The appellate court did not dispute the reasoning of Judge Leahy.

2. Reference is made to the definition No. 15 of Section 3797, Title 26 U.S.C.A., as follows: *"Military or naval forces of the United States.* The term 'military or naval forces of the United States' includes the Marine Corps, the Coast Guard, the Army Nurse Corps, Female, and the Navy Nurse Corps, Female."

It is to be observed that this is an inclusive provision and not exclusive. It says nothing about the Army, Navy, or various branches of the Army and Navy. It does not exclude the units engaged in actual military service on our Southern Border.

■ 3. The statute invoked is remedial and should be given a liberal and favorable construction. On a different question the statute was carefully construed in Epley v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 1020, and its provisions were liberally applied.

4. The cases cited by counsel for defendant have been examined. The facts in those cases were different from the facts here and the issues were different. Mitchell v. Cohen, 82 U.S.App.D.C. 83, 160 F.2d 915 reversed by the Supreme Court, 333 U.S. 411, 68 S.Ct. 518, 92 L.Ed. 774, and Connelly v. Commissioner of Internal Revenue, 84 U.S.App.D.C. 260, 172 F.2d 877, reversed 338 U.S. 258, 70 S.Ct. 19, 94 L.Ed. 51. In those cases the courts were dealing with specific provisions of the law, and a proper construction of the statute fixing a status of actual enlistment for relief.

5. The statute here is different. It simply provided that: "If the taxpayer is in active service in the military * * * forces of the United States * * *" then he is entitled to the beneficial provisions of the act mentioned.

■ As a factual matter there can be no question but that the plaintiff was in active service in our military forces. He was just as much a soldier as if he had enlisted as such. He was subject to court martial, his volition was taken away from

him, and in a great emergency he performed efficient military services. He should not be denied the benefits of this statute because of his technical classification as simply being a member of a Civil Air Patrol. In an emergency he was incorporated into the military forces and actively rendered service as a soldier. The only required status was that as a taxpayer he rendered active service in the United States military forces. The evidence is overwhelming that he did.

Accordingly, the plaintiff is entitled to judgment as prayed. The plaintiff has submitted requested findings of fact and conclusions of law. The same have been examined and appear to be correct and are given. A judgment entry will be prepared by plaintiff and submitted to the government's counsel for approval as to form.